IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN INDIANA

| | |
|---|---|
| ASHLY RODRIGUEZ, MADELLINE MELENDEZ, ) <br>     PLAINTIFFS, ) <br>     v. ) <br> JUDA PARKS, ) <br>     DEFENDANT. ) | CASE: 2:19cv44 <br><br> JUDGE <br> MAG. JUDGE |

**COMPLAINT FOR MONETARY AND EQUITTABLE RELIEF**

NOW COME Plaintiffs Ashly Rodriguez and Madelline Melendez, by counsel, Christopher Cooper, and file this complaint pursuant to 42 U.S.C. §1983. Plaintiffs state as follows through counsel:

**JURISDICTION & VENUE**

(1) Jurisdiction of this court arises under 28 U.S.C. §§1331, and 42 U.S.C. §1983 (14th Amendment's Equal Protection Clause).

(2) Venue is had through 28 U.S.C. § 1391. Defendants are residents of Indiana in which the U.S. District Court for Northern Indiana is located; and, a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

**PARTIES**

(3) Plaintiff ASHLY RODRIGUEZ is a legal adult and resident of Lake County, Indiana. Plaintiff was harmed by the Defendant in Lake County, Indiana.

1

(4)     Plaintiff MADELLINE MELENDEZ is a legal adult and resident of Lake County, Indiana.  Plaintiff was harmed by the Defendant in Lake County, Indiana.

(5)     Defendant Juda Parks is a legal adult and resident of Lake County, Indiana. Defendant is state actor (employed by the City of East Chicago, Indiana as a [sworn] police officer) and is sued in his individual capacity.  Defendant harmed Plaintiffs in Lake County, Indiana.

### FACTS[1]

(6)     Plaintiffs are female.

(7)     Defendant Parks is a male.

(8)     Plaintiff Rodriguez is police officer employed by the City of East Chicago. She holds the rank of officer.

(9)     Plaintiff Melendez was a police officer employed by the City of East Chicago until on or about January 8, 2019. Plaintiff held the lowest rank of officer (that of police officer on probation, as in, she was within her "probationary year" which made her an "at will employee").

(10)    Defendant is a City of East Chicago Police officer, holding the rank of Filed Training Officer (FTO). He supervises, trains, and evaluates police officers in training (the FTO program).

(11)    Defendant Parks was a supervisor to Plaintiffs.

(12)    Defendant Parks was superior in rank to Plaintiffs.

---

[1] Tortious conduct by Defendant Parks, occurred in approximately 2018.

2

(13)   In 2018 and 2019, Defendant Parks was vested with authority over Plaintiffs, by the City of East Chicago Police Department (ECPD).

(14)  In order for Plaintiffs to remain employed by the City of East Chicago as police officers, the Plaintiffs needed to pass (successfully complete) the FTO program.  Both Plaintiffs participated in the FTO program in year 2018.

(15)  As to Plaintiffs' performance in the FTO program, Defendant Parks supervised, assessed, evaluated, and graded Plaintiffs in his role as their FTO.

(16)  In year 2018, Defendant Parks, under color of law (in his role as a police officer, superior\FTO), while on duty as a City of East Chicago Police officer, required\propositioned both Plaintiffs to provide him with nude images of themselves.

(17)  Such conduct by Parks was unconsented sexual conduct and pervasive in nature (the requirement having been presented to the Plaintiff, by Defendant Parks numerous times in year 2018).

(18)  Such conduct was done by Parks with a quid pro quo objective. Namely, that favorable and passing evaluations, grades, etc., by him, of Plaintiffs' performance in the FTO program was contingent on Plaintiffs Rodriguez and Melendez providing Defendant Parks with nude images of themselves.

(19)   Plaintiffs vehemently opposed Defendant's tortious conduct. They did not comply, then were subjected to retaliation, namely a hostile work environment orchestrated by Defendant and his employer the City of East Chicago, to include Rodriguez's FTO program time was extended by approximately one month (a tangible adverse action); mistreatment of Plaintiffs by Defendant because Plaintiffs would not comply with the demand for nude images.

(20)   But for Plaintiff Rodriguez re-buffing sexual advances to include a demand for nude images, her FTO program time would not have been extended, supra.

(21)   Sexual misconduct under color of law, supra., by Defendant Parks, caused Plaintiff's FTO program to be extended by approximately one month.

(22)   Defendant Parks caused Plaintiff's FTO program to be extended by approximately one month.

(23)   Both Plaintiffs expressed to the Defendant that his tortious conduct (to include demands for nude images), supra., was abhorrent and that they opposed it.

(24)   Plaintiff Rodriguez complained about, and reported, the tortious conduct of Defendant to the City of East Chicago (to include East Chicago's Human Resources Department).

(25)   Plaintiff Rodriguez put East Chicago on notice that Plaintiff Melendez was propositioned for nude images.

(26)   Thereafter, the City of East Chicago terminated the employment of Plaintiff Melendez. (In this regard, an amended complaint averring 2000e claims will follow once the EEOC issues a Right to Sue Letter; as well pendent state claims at the conclusion of approximately 180 days (from 1-25-2019) pursuant to a Notice of Tort claim).

(27)   The tortious conduct, supra., occurred in places which included the City of East Chicago, and the workplace of the Plaintiffs and Defendant.

(28)   Defendant did proposition Plaintiff Melendez for images when she was off duty as well as when she was on duty as a police officer for City of East Chicago.

(29)   The City of East Chicago had not taken reasonable steps to prevent the tortious conduct of Defendant.  Nor has it taken reasonable steps to address the alleged misconduct.

(30)   Plaintiffs assert that their "allegations plausibly suggest that' Defendant Parks' used the authority of his office to avoid responsibility for his workplace harassment of' subordinates 'and thus he acted under color of state law." (*Gorcos v. Town of St. John*, No. 2:15-CV-084 JD, 2016 WL 5106947, at *4 (N.D. Ind. Sept. 20, 2016)).

5

(31) Defendant Parks was the harasser supervisor of the Plaintiffs and/or held some other clear authority over the Plaintiffs by his position of Field Training Officer.

(32) There was disparity between the positions of the Plaintiffs and that of the Defendant.

## COUNT I: 42 U.S.C. § 1983 CLAIM
### (Equal Protection Claim)

(1) Plaintiffs repeat, re-allege, and incorporate by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2) Defendant was acting under color of law at all times.

(3) Defendant intentionally subjected Plaintiffs to discriminatory application of laws (an equal protection violation), by singling them-out for nude images, because Defendant had authority over Plaintiffs; because the Plaintiffs are female (as opposed to male); and because Defendant, under color of law [used his police powers] to cause himself to gain and obtain sexual gratification from Plaintiffs without the Plaintiffs' consent.

(4) And, that Defendant conveyed to Plaintiffs that their failure to provide nude images would cause him to treat them less favorably in treatment and evaluations while they were trainees in the FTO program.

(5) Defendant's equal protection violative conduct was motivated because Plaintiffs are female.

6

(6) Defendant's equal protection violative conduct was motivated because he intended to treat Plaintiffs differently (less favorably) because of physical and biological differences between males and females.

(7) Defendant deprived Plaintiffs of equal protection of laws when Defendant demanded nude images, in the furtherance of obtaining sexual gratification [from the Plaintiffs] (to include because the Plaintiffs are female).

(8) Plaintiffs possessed rights, privileges, and immunities secured by the United States Constitution, all of which prohibit the aforementioned conduct of Defendant.

(9) It should not be the case that because Plaintiffs are female that they must provide nude images to their Field Training Officer.

(10) It should not be the case that because Plaintiffs are female (as opposed to being male) that in order for them to experience a Field Training program, free of sexual harassment and adverse alterations of terms and conditions of employment, that they must provide nude images to their Field Training Officer.

(11) It should not be the case that Plaintiffs' success in the East Chicago Police Field Training [Officer] Program is contingent on whether or not they provide nude images to their Field Training Officer.

(12) Plaintiffs were subjected to a quid pro quo hostile work environment where the delivery of sexual acts, including nude images were presented by Defendant as quid pro quo bargaining chips (if the Plaintiffs

wanted an other than hostile work environment and success in the FTO program).

(13)   Defendant did make sexual statements to Plaintiffs.

(14)   Such statements were unwelcome and non-consensual.

(15)   Such statements by Defendant, in 2018, referenced the buttocks of the Plaintiff Melendez and the body of Plaintiff Rodriguez.

(16)   Plaintiffs possessed a constitutional right to equal protection under the law and to be free from unequal protection and treatment.

(17)   There was a deprivation of Plaintiffs' constitutional rights when Defendant acted as described, supra.

(18)   Plaintiffs did not consent to the offending conduct.

(19)   Plaintiffs were in fear of an imminent touching by Defendant.

(20)   Defendant's conduct was and is the proximate cause and substantial factor in causing Plaintiffs' harm.

(21)   Plaintiffs' suffered harm to include pain and suffering; stigma; humiliation;[2] and, stress (garden variety).

WHEREFORE, and that there is sought, judgment against Defendant for actual, general, special, compensatory damages in the amount of $550,000.00 for each Plaintiff, plus punitive damages and further demands judgment against Defendant for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

---

[2] Any use of the term humiliation in the complaint is inclusive of damage to a woman's dignity.

***Plaintiffs hereby make a demand for a Jury.**

DATED: January 26, 2019
Respectfully Submitted,
s\Christopher Cooper, ESQ., Plaintiffs' Counsel
Law Office of Christopher Cooper, INC.
79 West Monroe Street, Suite 1213, Chicago, IL 60603
Tel: 312 473 2968; FAX: 866 334 7458; E-Mail: cooperlaw3234@gmail.com

Pursuant to 28 U.S.C. 1746, I, ASHLY RODRIGUEZ, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents thereof to the best of my ability as a non-lawyer, and the same are true and correct to the best of my knowledge.

s\ASHLY RODRIGUEZ,1-25-19

Pursuant to 28 U.S.C. 1746, I, MADELLINE MELENDEZ, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents thereof to the best of my ability as a non-lawyer, and the same are true and correct to the best of my knowledge.

s\MADELLINE MELENDEZ,1-25-19