UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ASHLY RODRIGUEZ, and<br>MADELLINE MELENDEZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>JUDA PARKS, and<br>THE CITY OF EAST CHICAGO,<br><br>    Defendants. | No. 2:19 CV 44 |

## OPINION and ORDER

Before the court is the motion of defendant Juda Parks for summary judgment on the claims of plaintiffs Ashly Rodriguez and Madelline Melendez that defendant deprived them of their constitutional rights in violation of 42 U.S.C. § 1983 (DE # 42), plus related motions. As explained herein, defendant's motion for summary judgment is denied.

## I.  BACKGROUND

Plaintiffs Rodriguez and Melendez were trainees in the East Chicago Police Department's officer training program. Defendant Parks was a sergeant in the Department, and one of many Field Training Officers (FTO). Parks was Rodriguez's assigned FTO, and a "stand-in" FTO for Melendez for approximately five days out of a four-month FTO phase.

Melendez alleges that defendant asked her for nude photographs while she was inside a police car with him during her FTO program in 2018. (Melendez Dep. 20-21.)

She claims that after asking her for nude photographs, defendant said "You owe me," that he was in charge of her, and that he was the person who determines what goes on her reviews. Melendez further alleges that defendant then "said that he was going to ask me again, and do I want to send him nude pictures." (Melendez Dep. 27-28.) Melendez claims that "After I didn't say anything and wouldn't give him any nude pictures, he began to try to embarrass me on calls and reprimand me in front of other officers and, ridicule me . . . And as far as teaching me during the FTO process, the amount of information he offered me dropped significantly." (Melendez Dep. 33:13-20.)

Melendez further alleges that defendant once commented that she did not have a butt in her uniform pants. (Melendez Dep. 30:6-9.) She also alleges that defendant would grab her uniform and pull her, and put his arm around her and tell her "come here" while she tried to keep her distance. (Melendez Dep. 29:8-10.) Melendez alleges that defendant's behavior was not limited to the days he was serving as her FTO. (Melendez Dep. 29:16.) Melendez claims that she had to hide from defendant at work, and was afraid to come to work. (Melendez Dep. 29:22-25.)

Rodriguez also alleges that defendant asked her for nude photographs during her FTO phase. She claims that she said nothing in response, because "[w]hat do you do when your sergeant and your FTO asks you for nude pictures and your job is on the line at that point? . . . Because if I don't give it to him, he could just write any reports and fire me." (Rodriguez Dep. 13:1-9.) She claims that defendant put his arm around her every time she punched the time clock and asked her what she saw in the mirror

2

when she was naked. (Rodriguez Dep. 27:18-24.) Rodriguez claims that defendant's behavior has caused her heavy stress.

Plaintiffs filed suit against both defendant and the City of East Chicago. (DE # 1.) In Count I of their complaint, plaintiffs allege that defendant deprived them of their constitutional right to equal protection in violation of Section 1983 by sexually harassing them. (*Id.*) Defendant now seeks summary judgment on plaintiffs' claims. (DE # 42.) Plaintiffs filed a response (DE # 48), and defendant filed no reply. The motion is now fully briefed and ripe for ruling.[1]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56 allows for the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison,*

---

[1] Plaintiffs have moved to strike defendant's motion for summary judgment as untimely, because it was filed one day past the relevant deadline. (DE # 45.) The motion is denied. Defendant is warned that further failures to abide by deadlines in this case will result in filings being summarily stricken. Relatedly, counsel for plaintiffs is advised that his response to defendant's motion failed to follow numerous conventions for documents set forth in this district's Local Rules (for example, plaintiffs' brief was well over the relevant page limit and could be stricken on that basis alone). Counsel for plaintiffs is warned that, at least for purposes of this case, all future filings must be single spaced, using only one font, using only one font size (12 point), and without the excessive use of bolding and italics. Filings not abiding by this warning will be stricken.

*Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325.

In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

### III.  DISCUSSION

Plaintiffs have articulated only one claim against defendant: that he violated their constitutional rights to equal protection in violation of Section 1983. (DE # 1.) Individuals have a right, protected by the Equal Protection Clause of the Constitution, to be free from discrimination on the basis of sex in public employment. *Davis v. Passman,* 442 U.S. 228 (1979). Further, sexual harassment by a state actor under color of law is a violation of the Equal Protection Clause of the Constitution and is actionable pursuant to Section 1983. *Valentine v. City of Chicago,* 452 F.3d 670 (7th Cir. 2006). "[T]he

standard of proof as to what constitutes sexual harassment under § 1983 is essentially the same as that under Title VII." *Murray v. Chicago Transit Auth.*, 252 F.3d 880, 887 (7th Cir. 2001). At the summary judgment stage, a plaintiff must be able to point to evidence, if challenged, supporting the following: (1) she was subjected to unwelcome harassment; (2) the harassment was based on her gender; (3) the harassment was so severe or pervasive as to alter the condition of employment and create a hostile or abusive working environment; and (4) defendant committed the harassment himself and under color of law. *Wazny v. City of Chicago,* No. 17 C 6871, 2019 WL 1754054, at *5 (N.D. Ill. Apr. 19, 2019).

 Defendant articulates two challenges to plaintiffs' Section 1983 claims. First, defendant argues that plaintiffs can point to no evidence that defendant treated them differently than he would a man. (DE # 43 at 10-11.) This is inaccurate. For example, defendant agreed at his deposition that he would not "have occasion to ask a man" for nude images. (Parks Dep. 44:1-3.) When viewing this, along with all of the facts, in a light most favorable to plaintiffs, and when assuming the truth of plaintiffs' version of events for purposes of this motion, a reasonable fact-finder could conclude that defendant took the actions alleged in this case with respect to plaintiffs on the basis of their gender.

 Defendant next argues that he did not subject the plaintiffs to a work environment that was both objectively and subjectively hostile. With respect to the requests for nude photographs, specifically, defendant argues that "in today's climate of

rampant cell phone usage, asking for a nude photograph is hardly offensive." (DE # 43 at 12.) First, the court rejects defendant's argument that no reasonable juror could conclude that it is offensive when a workplace superior asks for nude photographs from a subordinate. Second, given the facts taken in a light most favorable to plaintiffs, a reasonable juror could conclude that defendant's treatment of plaintiffs was objectively and subjectively hostile. Whether a jury *will* conclude as much remains to be seen. That a jury *could* come to this conclusion prevents summary judgment in defendant's favor.

## IV. CONCLUSION

For the reasons set forth above, the court **DENIES** defendant's motion for summary judgment. (DE # 42.) The clerk is also ordered to **TERMINATE** the pending status of defendant's related exhibits (DE # 44), which were improperly filed as a "motion." Further, plaintiffs' motion to strike defendant's motion for summary judgment as untimely is **DENIED.** (DE # 45.) The remaining motion for summary judgment (DE # 55) is **TAKEN UNDER ADVISEMENT** (and the clerk shall terminate its pending status) subject to ruling upon completion of briefing on the motion and related motions.

                                            **SO ORDERED.**

Date: March 31, 2021

                                      s/ James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT