**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| ASHLY RODRIGUEZ and | ) | |
| MADELLINE MELENDEZ, | ) | |
|       Plaintiffs, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:19-CV-44-JTM-JEM |
| | ) | |
| JUDA PARKS and | ) | |
| CITY OF EAST CHICAGO, | ) | |
|       Defendants. | ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiff Melendez's Motion to Re-Open Discovery for the Purpose of Defendant East Chicago (EC) Providing Paperwork Evidencing that Mitchell Tipton has been Rehired as a Police Officer [DE 66], filed November 2, 2020. On November 16, 2020, Defendant filed a response, and Plaintiff filed a reply on November 23, 2020. On August 3, 2021, District Court Judge James T. Moody entered an Order [DE 71] referring the Motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Court held a hearing on November 10, 2021, and ordered additional briefing on the Motion. Plaintiff Melendez filed her supplemental brief on December 6, 2021, and Defendants filed their supplemental response on December 20, 2021.

**I.    Analysis**

Federal Rule of Civil Procedure 56(d) provides that if the party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other

1

appropriate order." Fed. R. Civ. P. 56(d). "Rule 56(d) 'is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious,'" but the party invoking it must show "'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Yuan Xie v. Hospira, Inc.*, No. 10 C 6777, 2011 WL 1575530, at *2 (N.D. Ill. Apr. 27, 2011) (quoting *Lamb's Patio Theatre v. Universal Film Exch.*, 582 F.2d 1068, 1071 (7th Cir. 1978)) (other citations omitted). The movant must set forth specific evidence that it might obtain from further discovery that would create a genuine issue as to a specific material fact. *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005).

Plaintiff Melendez was a probationary police officer who alleges that she was sexually harassed by Defendant Juda Parks, her Field Training Officer. She alleges that she was asked to resign from her position in the East Chicago Police Department on January 14, 2019 following an investigation into a domestic dispute with Mitchell Tipton, another police officer who also was asked to resign from his employment. Melendez alleges that her dismissal was in retaliation for her complaints of the sexual harassment she experienced.

In the instant Motion, Melendez argues that she requires discovery on the question of whether Tipton has been rehired as a police officer in order to oppose Defendants' motion for summary judgment, filed on August 17, 2020. She asserts that she and Tipton were both required to resign from their positions at the East Chicago Police Department for their participation in the same domestic incident but argues that the reason given for her forced resignation was pretext. She argues that the Department was retaliating against for her complaints of sexual harassment. Melendez requests information regarding Tipton being rehired as a police officer to show that he was treated differently than Melendez despite being asked to resign for the same reason.

Defendants argue that the request for additional discovery is untimely and that the information would not create a genuine issue of material fact because Melendez was terminated before she filed her sexual harassment claim, so the reasons for the forced resignation could not be pretext. However, the fact that Tipton was rehired and Melendez was not could be evidence that she was treated differently because of her complaints of sexual harassment.

In her supplemental brief, Melendez asserts that since Defendants represented at the hearing that Tipton has been rehired, discovery need not be reopened. Since there is no additional information Melendez seems to need, the Court recommends that supplemental briefs be submitted explicitly, but briefly, laying out the additional undisputed material fact and the related arguments regarding the motion for summary judgment.

## II.    Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that District Court James T. Moody **GRANT, for relief different than requested**, Plaintiff Melendez's Motion to Re-Open Discovery for the Purpose of Defendant East Chicago (EC) Providing Paperwork Evidencing that Mitchell Tipton has been Rehired as a Police Officer [DE 66] and **ORDER** the parties to file short supplemental briefs explaining the relevance of Tipton's rehiring to the other arguments in the briefing on the motion for summary judgment.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections to the decision on the Motion to Re-Open Discovery with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15

F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 12th day of January, 2022.

 s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record
        Judge James T. Moody